UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIELLE M. SATROM,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-10-0038-CI

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 15, 17.) Attorney Maureen J. Rosette represents Danielle Satrom (Plaintiff); Special Assistant United States Attorney Willy M. Le represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 4.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff protectively filed for Social Security Disability Benefits (DIB) and Supplemental Security Income (SSI) on November

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 1

27, 2007. (Tr. 128.) She alleged disability due to bipolar disorder with psychotic features. (Tr. 161.) Benefits were denied initially and on reconsideration. (Tr. 76-84, 87-93.) On May 9, 2008, Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.J. Chester on July 8, 2009. (Tr. 10.) Plaintiff, who was represented by counsel, and vocational expert (VE) Tom Moreland testified. (Tr. 33-69.) The ALJ denied benefits on August 14, 2009. (Tr. 10-27.) The Appeals Council denied review. (Tr. 1-3.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 26 years old at the time of the hearing. (Tr. 128.) She states she is divorced and lives with her son and roommates in a single family home. (Tr. 39, 54.) She testified she had an 11th grade education, her GED and had trained as a nursing assistant. (Tr. 39.) She also reported she was trained as a legal assistant and in Microsoft. (Tr. 40, 702.) She has worked as support staff for at-risk youth, in retail clothing sales, as a certified nursing assistant and in fast food. (Tr. 220.) She stated her last regular full time work was in 2005. (Tr. 43.) She testified she stopped working after missing too much work due to mental health problems, consisting of extreme mood swings, depression and inability to sleep. (Tr. 43-44.) She described her daily activities as involving taking care of her son, attending counseling and NA meetings. (Tr. 48.) She states she has also used heroin, marijuana and alcohol but states

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 2

she does not currently use and has not for a few months. (Tr. 48, 61-62.) Plaintiff states she is unable to work because of symptoms from her numerous physical and mental health problems which leave her too unstable to keep a job. (Tr. 57-58.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Chester found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 12, Finding 2.) At step two, he found Plaintiff had severe impairments of bipolar disorder, post-traumatic stress disorder, eating disorder, not otherwise specified, attention deficit disorder, personality disorder, headaches, and cerebral hypertension. (Tr. 12, Finding 3.) At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 22, Finding 4.)

At step four, the ALJ found Plaintiff "to be less than fully credible" and determined "claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: She needs to work away from the public and with minimal collaboration with coworkers." (Tr. 23-26, Finding 5.) The ALJ found Plaintiff could still perform past relevant work as a nurse assistant. (Tr. 26, Finding 6.) Therefore, Plaintiff was not found to be under disability. (Tr. 27, Finding 7.) No Step 5 determination was undertaken.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 3

  > A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Andrews*, 53 F.3d at 1039-40 (*citing Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Id.* at 1230.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 4

**SEQUENTIAL EVALUATION PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of her condition from licensed medical professionals." *Id.* (*citing* 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he improperly rejected the examining psychologist's opinion and improperly assessed Plaintiff's residual functional capacity (RFC). Plaintiff also argues the ALJ erred in assessing the report of the nonexamining state agency psychologist. (ECF No. 16.) Defendant contends the ALJ's decision is supported by substantial evidence and free of legal error. (ECF No. 18.)

**DISCUSSION**

**I. Examining Psychologist's Opinion**

Plaintiff argues the ALJ improperly rejected the opinion of examining psychologist, John Arnold, Ph.D. Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining physician's. 20 C.F.R. § 404.1527(d); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If the examining physicians' opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*Lester*). If contradicted, the ALJ may reject the examining opinion only by stating specific, legitimate reasons that are supported by substantial evidence. *Id.* at 830-31. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984) (*quoting* *Richardson v. Perales*, 402 US 389, 401 (1971)). An ALJ may discredit a doctor's opinion that is unsupported by the record as a

whole. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Contradictions between a doctor's opinion and that doctor's own clinical notes and observations "is a clear and convincing reason for not relying on the doctor's opinion[.]" *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Furthermore, if a claimant's mental impairments can be controlled by medication, they are not disabling. *See Warre v. Comm'r of the Soc. Sec. Admin.*, 493 F.3d 1001, 1006 (9th Cir. 2006) (involving termination of SSI benefits where medication had controlled growth disorder of claimant).

Here, the ALJ determined Dr. Arnold's reported limitations were inconsistent with the record presented. (Tr. 26.) Because Dr. Arnold's opinion contradicted the opinion provided by agency psychologist, Mary Gentile, Ph.D., the ALJ was required to give specific, legitimate reasons supported by substantial evidence to properly reject that opinion. *See Lester*, 81 F.3d at 821. The ALJ properly rejected Dr. Arnold's report as inconsistent with the longitudinal record and with Plaintiff's own statements. (Tr. 21-22, 26.) Substantial evidence supports the ALJ's rejection of Dr. Arnold's report.

For example, Dr. Arnold questions whether Plaintiff might have "borderline intellectual functioning." (Tr. 703.) However, the record as a whole contains numerous observations from different medical providers noting Plaintiff is intelligent and articulate. (Tr. 232, 394, 422, 510.) Plaintiff contradicts Dr. Arnold's assessment as well in noting she sometimes received good grades in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 7

school and briefly attended college. (Tr. 421.) Plaintiff also received a few professional certifications. (Tr. 40 (nursing assistant), Tr. 421 (legal assistant) and Tr. 702 (Microsoft).) Furthermore, in contrast to the numerous limitations found by Dr. Arnold in his report, Plaintiff told him that since being on medication for the past three years, she had not experienced psychotic symptoms. (Tr. 702.) Because the ALJ found Dr. Arnold's report inconsistent with the record as a whole, inconsistent with Plaintiff's statements and inconsistent with itself, substantial evidence supports the ALJ's decision to give no weight to Dr. Arnold's report, and the ALJ did not err.

**II. Improper Reliance on Nonexamining Agency Psychologist's Report**

Plaintiff argues the ALJ should have fully relied on the report of Dr. Gentile, a nonexamining agency psychologist,[1] in making his determination of her RFC. (ECF No. 16, at 19.) As noted above, an examining physician's opinion carries more weight than a

[1] The court notes that there are two state agency nonreviewing psychologist reports. The first is from Dr. Gentile dated January 16, 2008. (Tr. 453.) The second is from Dr. Flanagan dated April 16, 2008. (Tr. 475.) Dr. Flanagan's report notes Plaintiff's diagnoses, the prior limitations findings by Dr. Gentile, and recaps a treating source's March 24, 2008, progress note. (*Id.*) Dr. Flanagan then concludes, "I have reviewed evidence in file and affirm the original PRTF & MRFC dated 1/16/08." (*Id.*) Because there are no substantial differences between these reports, only Dr. Gentile's report is referenced specifically, but the legal analysis applies equally to both.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 8

nonexamining physician's. 20 C.F.R. § 404.1527(d); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the Social Security Act." *SSR* 96-6p. The ALJ may give weight to consulting opinions "only insofar as they are supported by evidence in the case record." *Id.* The ALJ cannot ignore these opinions and must explain the weight given. *Id.* However, unless the opinion is supported by independent clinical findings, the report of a nonexamining physician cannot by itself constitute substantial evidence that justifies rejection of the opinion of either an examining physician or a treating physician. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996) (*Lester*) (*citing Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984); *see also Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148-49 (9th Cir. 2001). "In addition, the regulations give more weight to opinions that are explained than to those that are not, *see* 20 C.F.R. § 404.1527(d)(3)...." *Holohan*, 246 F.3d at 1202. An ALJ may discredit opinions that are conclusory, brief and unsupported by either the record as a whole or by objective medical findings. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Here, the ALJ states, "The opinions of the non-examining State Agency consultants tend to support the undersigned's conclusions...." (Tr. 26.) The ALJ appears to rely exclusively on

Dr. Gentile's RFC summary, but fails to explain the weight given to her opinion as required by *SSR* 96-6p. While appropriate inferences may be drawn from the ALJ's decision, there must be something from which to draw those inferences. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Here, there is nothing which meets the requirements of *SSR* 96-6.

Additionally, Dr. Gentile never examined, tested, interviewed or even met the Plaintiff. Dr. Gentile points to no objective testing in the record which supports her conclusion. Further, these reports consist only of a summary checklist with very little discussion of what evidence formed the basis for this opinion (*See* Tr. 451-468 and Tr. 475.) Because Dr. Gentile's report is both conclusory and brief (*Batson*, 359 F.3d at 1195) and not supported by independent findings (*Lester*, 81 F.3d at 831), the ALJ erred in his reliance on her report as support for his RFC determination. Therefore, the RFC determination is neither supported by substantial evidence nor free of legal error.

**III. RESIDUAL FUNCTIONAL CAPACITY DETERMINATION**

At step four, the Commissioner must make an RFC determination which represents the most a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The ALJ must consider whether claimant is able to perform "1. The actual functional demands and job duties of a particular past relevant job; or 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (*citing Social Security Ruling (SSR) SSR* 82-61). Although the

burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. *Pinto*, 249 F.3d at 844 (citing *SSR* 82-62).[2] This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In finding that an individual has the capacity to perform a past relevant job, the decision must contain the following specific findings of fact:

    1.  A finding of fact as to the individual's residual functional capacity;

    2.  A finding of fact as to the physical and mental demands of the past job/occupation; and

    3.  A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation. *SSR* 82-62.

These findings must be based on the evidence in the record and must be developed and fully explained in the disability decision. As the Ninth Circuit has found, specific findings on all three points are necessary to insure that the claimant really can perform her past relevant work. *Pinto*, 249 F.3d at 845. Further, the RFC determination must take into consideration the effects of severe and non-severe impairments, alone and in combination. 20 C.F.R. §

---

[2] Social Security Regulations are binding on "all components of the Social Security Administration," and the SSRs are issued to clarify those regulations. Although SSRs do not have the force of law, under case law, a reviewing court gives deference to the Commissioner's interpretation of the Agency's own regulations. *See Holohan v. Massanari*, 246 F.3d 1195 n.1 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, n.3 (9th Cir. 1991).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 11

404.1545(a)(2).

Plaintiff argues the ALJ's RFC determination was erroneous because it failed to take account of all of Plaintiff's mental limitations. (ECF No. 16, at 17.) While the ALJ need not consider mental limitations not supported by the record or opinion evidence (*Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (*citing SSR* 96-8p)), the ALJ is required to set out particular findings regarding the Plaintiff's RFC. Here, the ALJ states:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertion levels but with the following nonexertional limitations: She needs to work away from the public and with minimal collaboration with coworkers.

(Tr. 23, Finding 5.) The ALJ further states:

> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 06-3p.

(Tr. 24.)

The ALJ then lays out the testimony of Plaintiff which he believes undermines her credibility and finds Plaintiff "less than fully credible."[3] (Tr. 24-26.) Here, the ALJ failed to (1) state

---

[3] In this matter, the ALJ found "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 25.) As

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 12

what evidence supports the final RFC determination; (2) make specific findings regarding the physical and mental demands of Plaintiff's former work as a nursing assistant; and (3) state how Plaintiff is able to undertake her past work on a sustained basis in spite of her limitations. Aside from the ALJ's determinations of Plaintiff's credibility and the weight to be given Dr. Arnold's report, the above constitutes the entirety of the ALJ's discussion of Plaintiff's RFC.

The ALJ's decision does not address the demands of Plaintiff's former work as a nursing assistant.[4] The ALJ also fails to make the findings necessary to support his determination that Plaintiff will be able to sustain employment as a nursing assistant. The ALJ does not support with substantial evidence his ultimate finding Plaintiff can perform a full range of work and suffers from no limitations other than in her ability to work with the public or in close collaboration with coworkers. Further, even with the above limitations, the ALJ fails to explain how Plaintiff can be a nurse assistant given her inability to work with the public. Because the

---

Defendant states in its Memorandum in Support of Summary Judgment, Plaintiff fails to challenge the ALJ's finding she lacked credibility. (ECF No. 18, at 7 n.2.)

[4] In making the RFC determination, the ALJ should pay particular attention to the requirement that a generic occupational classification of work may be "insufficient to test whether the claimant can perform past work." *See SSR* 82-61*; Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1167 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001)).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 13

ALJ is required to make these findings and state them in his decision, the ALJ's RFC determination constitutes error. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); *SSR* 82-62.

**IV.   REMAND FOR ADDITIONAL FINDINGS**

In Social Security proceedings, the burden of proof is on the claimant to prove the existence of a severe physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, 416.908. As a threshold to establishing an impairment, it is the claimant's responsibility to produce sufficient "objective medical evidence of underlying 'impairment' and must show that the impairment, or a combination of impairments, 'could reasonably be expected to produce pain or other symptoms.'" *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (*quoting Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996).

Once medical evidence is provided by the claimant, the Regulations state the agency "will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. §§ 404.1512(d), 416.912(d). An ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) *(citing Tonapetyan v. Halter),* 242 F.3d 1144, 1150 (9th Cir. 2001)). To further develop the record, the Commissioner may order consultative examinations at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 14

the agency's expense.

Because Dr. Arnold's opinion was properly rejected and the state agency nonexamining consultants' opinions do not constitute substantial evidence without other support, the record is inadequate to assess Plaintiff's work-related mental limitations. Therefore, this matter must be remanded to the Commissioner for additional proceedings. On remand, the ALJ is directed to obtain a complete psychological evaluation, which includes an assessment of Plaintiff's nonexertional mental limitations and reassess Plaintiff's RFC. The ALJ is further directed to make new step-four findings in compliance with *SSR* 82-62 in light of the new RFC, and if necessary, proceed to step five.

**CONCLUSION**

The Commissioner's rejection of Dr. Arnold's report is proper. The decision regarding Plaintiff's Residual Functional Capacity is erroneous and remand is required. Accordingly,

**IT IS ORDERED:**

1. Plaintiff'S Motion for Summary Judgment (ECF No. 15) is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings consistent with the decision above and pursuant to sentence four of 42 U.S.C. § 405(g);

2. Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**;

3. Application for attorney's fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment

shall be entered for **PLAINTIFF** and the file shall be **CLOSED**.

DATED July 1, 2011.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 16